IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BYRON O. KNIGHT,                )
                                )
            Plaintiff,           )
                                )
    v.                          )
                                ) Civil Action No. 07-564
MICHAEL J. ASTRUE,              )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
            Defendant.          )

MEMORANDUM JUDGMENT ORDER

AND NOW, this ___ day of May, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on August 30, 2004, alleging disability beginning January 1, 2000, due to a right ankle injury. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on July 25, 2006, at which plaintiff appeared represented by counsel. On August 18, 2006, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on February 23, 2007, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 41 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a cement finisher, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of the residuals from a motor vehicle accident and status post bimalleolar ankle fracture, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of sedentary work with a number of other limitations. Plaintiff is limited to occasional walking and standing, with a sit/stand option at his discretion. In addition, plaintiff requires work that permits him to frequently elevate his ankle up to twelve inches (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a surveillance system monitor, telephone solicitor or ticket sales person. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental

impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at

steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff claims that the ALJ erred by concluding that his impairments do not meet or equal any listing in Appendix 1. Further, plaintiff asserts that the ALJ's step 5 finding that he retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court disagrees with plaintiff's arguments.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show his impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set

forth the reasons for his decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that his impairments meet or equal listings under 1.02, 1.03 or 1.06. Plaintiff also contends that the ALJ did not sufficiently explain his step 3 finding as required by Burnett.

Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff has the residuals from a motor vehicle accident and status post bimalleolar ankle fracture, which are severe impairments. The ALJ determined, however, that plaintiff's impairments do not meet or equal a listed impairment. The ALJ stated that he considered the listings contained in sections 1.02 (major dysfunction of a joint), 1.03 (reconstructive surgery) and 1.06 (fracture of the femur, tibia, pelvis or one or more of the tarsal bones). The ALJ specifically found that plaintiff's condition does not meet or equal the criteria of any of those listings because his ability to ambulate effectively has not been compromised. Contrary to plaintiff's assertion, the ALJ explained his reasoning as to why plaintiff's impairments do not meet or equal any listing. (R. 15).

The ALJ satisfied his burden; however, plaintiff failed to sustain his burden of showing that his impairments meet, or are equal to, a listing. Other than broadly asserting that he meets or equals a listing because he cannot ambulate effectively, plaintiff did not identify any medical evidence of record which

establishes that to be so. For all of these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because: (1) he incorrectly assessed plaintiff's residual functional capacity; (2) he did not properly evaluate plaintiff's subjective complaints regarding his pain; and (3) the hypothetical question to the vocational expert was defective. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first contends that the ALJ erred in making the RFC Finding because he is incapable of performing sedentary work. Plaintiff's position is contradicted by the medical evidence from

his treating sources, which indicates that his ankle fracture healed well and his pain resolved. (R. 73, 80, 83, 86-87, 97). In addition, none of plaintiff's physicians placed restrictions on him that would preclude him from performing sedentary work. Finally, the record indicates that plaintiff last consulted with his physicians regarding his ankle in 2004. In light of that fact and the objective medical evidence, the ALJ properly assessed plaintiff's residual functional capacity by restricting him to sedentary work with a number of other restrictions designed to accommodate his limitations that are supported by the evidence of record.

Plaintiff next claims that the ALJ erred in evaluating his subjective complaints regarding his pain. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ thoroughly analyzed plaintiff's subjective complaints, and he explained why he found plaintiff's testimony not totally credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications

and the extent of his treatment, plaintiff's own statements about his symptoms and reports by his physicians about his symptoms and how they affect him. See 20 C.F.R. §§404.1529(c)(1), 416.929(c)(1); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 15). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 15-16), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert was defective because it did not include a limitation regarding his claimed need to elevate his ankle more than twelve inches. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). After reviewing the record, the court is satisfied that the ALJ's hypothetical incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding.

Contrary to plaintiff's assertion, the ALJ was not required to include a limitation in the hypothetical that plaintiff must elevate his ankle more than twelve inches because the medical evidence did not establish a need for such an accommodation. Significantly, no treating physician advised plaintiff to elevate his ankle at all, let alone more than twelve inches. Nonetheless, the ALJ accounted for plaintiff's subjective assertion that he needed to elevate his ankle by including in the RFC Finding a limitation to work that permits him to frequently elevate his ankle up to twelve inches.

The court finds that the ALJ's hypothetical to the vocational expert fairly set forth every credible limitation established by the evidence of record. Nothing in the record suggests that any other limitations should have been incorporated into the hypothetical. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Christine M. Nebel, Esq.
    220 South Washington Street
    Butler, PA 16001

    Jessica Smolar
    Assistant U.S. Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219

%AO 72
(Rev. 8/82)